Alexander Marcony SEBASTIAN–FRANCISCO; Maria Manuela Francisco; Alejandro Juan Sebastian–Leon, Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70427.

Agency Nos. A73–911–114, A73–911–113, A72–510–073.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Michael Franquinha, Law Office of Michael Franquinha, Phoenix, AZ, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Paul Fiorino, Office of Immigration Litigation Civil Division, Washington, DC, Richard M. Evans, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Alexander Marcony Sebastian–Francisco, Maria Manuela Francisco, and Alejan-

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

dro Juan Sebastian–Leon, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *see Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition.

Substantial evidence supports the BIA's adverse credibility finding. The BIA identified significant omissions in lead petitioner Sebastian–Leon's written asylum application and his asylum interview statements, compared to his subsequent declaration in support of asylum and his merits hearing testimony. The omissions went to the heart of the asylum claim—persecution by guerillas—including omissions regarding oral threats to Sebastian–Leon, the abduction and mistreatment of his relatives, the burning of his house, and the shooting of friends with whom he was staying. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) (adverse credibility finding will be upheld so long as identified inconsistencies go to heart of asylum claim; omissions and discrepancies among asylum application, testimony, and airport interview).

Because petitioners failed to demonstrate that they were eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). In addition, substantial evidence supports the BIA's

denial of relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.